IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00828-MSK-MEH

MICHAEL P. HELIN,

    Applicant,

v.

J.M. WILNER, Warden, FCI Florence,

    Respondent.

---

# RECOMMENDATION ON APPLICATION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

    Pending before the Court is Michael P. Helin's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [filed April 10, 2009; docket #3]. Pursuant to 28 U.S.C. § 636(b)(1) and D.C. Colo. LCivR 72.1C, the Application has been referred to this Court for recommendation. The Court determines that an evidentiary hearing is not warranted in this matter. Based on the record contained herein, the Court RECOMMENDS that Helin's Application be **denied**.[1]

---

[1] The parties are advised that they shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

**I.     Background**

At the time he filed his Application, Helin was incarcerated at the Federal Correctional Institution in Florence, Colorado, following a felony conviction for Conspiracy to Possess with Intent to Distribute Methamphetamine. Helin claims that Respondent wrongfully denied him the opportunity to earn up to a one-year sentence reduction for successful completion of the Bureau of Prisons' Residential Drug Abuse Program (RDAP) when Respondent disqualified him based upon a Bureau of Prisons (BOP) regulation prohibiting the sentence reduction for inmates convicted of possessing a firearm during the commission of the crime. Helin argues that Respondent's denial is in contravention of *Arrington v. Daniels*, 516 F.3d 1106 (9th Cir. 2008).[2] He seeks relief in the form of an order requiring Respondent to qualify him for the one-year reduction. Docket #3 at 1, 5.

Respondent counters that Helin's reliance on *Arrington* is misplaced, because it is not binding precedent and its holding conflicts with both Supreme Court and Tenth Circuit authority upholding the validity of the BOP regulation at issue. Docket #14 at 2. Respondent also informed the Court that Helin's projected release date, via good conduct time release, would be November 8, 2009. *Id.* at 3. Despite the Court's invitation to do so, Helin did not file a reply to the response. *See* docket #10.

Based upon the release information provided by Respondent, on January 29, 2010, the Court ordered supplemental briefing on the issue whether Helin's release (if any) affects his request for relief in this matter. Docket #15. Helin filed nothing.[3] However, Respondent filed a brief asserting

---

[2]*Arrington* holds that a BOP regulation categorically excluding prisoners convicted of offenses involving possession, carrying or use of firearms from early release for successful completion of the RDAP was invalid under the APA. *Arrington*, 516 F.3d at 1114.

[3]In fact, Helin has filed nothing in this case since he filed the Application on April 10, 2009, and it appears from the record that all mailings from the Court to Helin have been returned as "undeliverable." Like all parties, Helin is obligated to notify the Court of any address

2

that Helin was transferred on May 12, 2009, to a Residential Re-Entry Center to serve the remainder of his sentence; then, on September 1, 2009, Helin was transferred to home custody until November 13, 2009, when he was released via credit for good conduct. Docket #19 at 2. Respondent argues that because Helin was released from BOP custody on November 13, 2009, his Application seeking early release no longer satisfies the case or controversy requirement of Article III § 2 of the United States Constitution and, therefore, should be denied as moot. *Id.*

Based upon the information provided by Respondent in his supplemental brief, the Court issued an order for Helin to show cause why his Application should not be dismissed as moot. Docket #20. Helin filed no response to this order; however, the Court became aware that the Respondent had provided in its supplemental brief a new address for Helin in Nebraska. Therefore, the Court issued a second order to show cause, which was mistakenly sent to Helin's old address and returned. *See* dockets #22 and 24. Thus, the Court re-sent the second order to show cause to the Nebraska address on March 5, 2010. Docket #23. Helin did not respond.

## II. Discussion

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

A Section 2241 habeas proceeding is generally "'an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal

---

changes. *See* D.C. Colo. LCivR 10.1M.

3

custody.'" *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). "A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir. 2001). "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Here, in challenging the administration of his federal sentence, Helin correctly filed his petition pursuant to 28 U.S.C. § 2241 in the District of Colorado where he was incarcerated.

"The writ of habeas corpus shall not extend to a prisoner unless ... [h]e is in custody...." 28 U.S.C. § 2241(c)(1). "However, the fact that [petitioner] is no longer in custody does not automatically moot [his] petition because he was in custody at the time of filing." *Riley v. Immigration & Naturalization Serv.,* 310 F.3d 1253, 1256 (10th Cir. 2002). If an applicant is released from custody after the filing of the petition, the Court must determine whether the petition continues to present the court with a case or controversy as required under Article III, § 2, of the U.S. Constitution. *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings ... ." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990). It is "not enough that the dispute was alive when the suit was filed; the parties must continue to have a personal stake in the outcome." *McClendon v. City of Albuquerque,* 100 F.3d 863, 867 (10th Cir. 1996).

"Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *Chihuahuan Grasslands Alliance v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008) (citing *Disability Law Ctr. v. Millcreek Health Ctr.*,

4

428 F.3d 992, 996 (10th Cir. 2005)). It is important to note that a court lacking jurisdiction must dismiss the case at any stage of the proceeding when it becomes apparent that jurisdiction is lacking. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). "Federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" *Image Software, Inc. v. Reynolds & Reynolds Co.,* 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506, 514 (2006)); *see also Harris v. Ill.-Cal. Express, Inc.,* 687 F.2d 1361, 1366 (10th Cir. 1982) ("Any federal court must, *sua sponte,* satisfy itself of its power to adjudicate in every case and at every stage of the proceeding, and the court is not bound by the acts or pleadings of the parties." (citations omitted)).

Here, the Court became aware of Helin's projected release date of November 2009 through the Respondent's response to the Application. As such, the Court *sua sponte* ordered supplemental briefing on whether Helin's release from incarceration, if any, affects his request for relief in this matter. In response, Respondent argues that, since Helin was released from BOP custody on November 13, 2009, the Application seeking early release from incarceration should be denied as moot.

A case becomes moot if an event occurs during the pendency of the action "that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party." *Church of Scientology of Calif. v. United States,* 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). A court, however, "will not dismiss a petition as moot if (1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but

5

is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley,* 310 F.3d at 1257 (quoting *Chong v. District Director, INS*, 264 F.3d 378, 384 (3d Cir. 2001)); *see also Arthur v. Mukasey,* No. 09-cv-00059-MSK-KMT, 2010 WL 234936, *2 (D. Colo. Jan. 19, 2010) (unpublished).

The Court agrees with Respondent that Helin's Application no longer satisfies the case-or-controversy requirement. Through completion of the RDAP program, Helin wished to be released from incarceration one year earlier than projected. His request for relief seeks "qualification" for a reduction of his sentence; however, the Court cannot provide such relief since Helin is no longer in the custody of the BOP. In addition, the Court recognizes no exception to the mootness doctrine in this case as set forth in *Riley*. Therefore, the Court recommends that the District Court deny Helin's Application as moot.

In the alternative, the Court recommends dismissing the Application for Helin's failure to prosecute this action. As mentioned previously, Helin has filed nothing in this case since he filed the Application on April 10, 2009. Helin filed no traverse and, although invited to do so, filed no supplemental briefing on the release issue. Most notably, Helin filed no responses to this Court's orders to show cause why the case should not be dismissed. Although the record reflects that many of the Court's orders mailed to Helin have been returned as undeliverable, it is Helin's obligation to provide the Court with any changes of address. *See* D.C. Colo. LCivR 10.1M.

### III. Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Michael Helin's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [filed April 10, 2009; docket #3] be **DENIED**.

Respectfully submitted this 25th day of March, 2010, in Denver, Colorado.

        BY THE COURT:

        */s/ Michael E. Hegarty*

        Michael E. Hegarty
        United States Magistrate Judge